# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| LORENZO HILL, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CV608-017 |
| STEPHEN UPTON, *Warden*, | ) ) ) |
| Defendant. | ) ) |

## **REPORT AND RECOMMENDATION**

On March 14, 2008, plaintiff filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) In an Order dated March 21, 2008, the Court granted plaintiff's motion to proceed *in forma pauperis* and ordered him to submit a Prisoner Trust Fund Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 4.) Plaintiff has returned both forms; therefore, the case is ready to proceed. (Docs. 5-6.)

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is

the requirement for this Court to conduct an early screening in all civil cases of any complaint in which the prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Therefore, the Court will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under 42 U.S.C. § 1983.

Just after midnight on May 2, 2007, plaintiff was attacked by another inmate while on a work detail. (Doc. 1 at 5.) The other inmate threw a pitcher of burning hot chemicals onto plaintiff. (Id.) After the attack, plaintiff was sent to the Georgia State Prison Medical Emergency Room, where he alleges that Dr. Terry Lee Jones refused to treat his injuries. (Id.) Plaintiff claims that since Unit Manager Steve Dupree put him on the work assignment, he allowed the incident to happen to him. (Id. at 7.) He also alleges that Warden Stephen Upton is responsible for his injuries.

(Id.) He seeks four million dollars in damages and a transfer from Georgia State Prison as relief. (Id. at 8.)

Plaintiff names Warden Stephen Upton as the sole defendant. (Id. at 1.) As plaintiff fails to allege that Upton was in any way personally involved in perpetrating the alleged misconduct, he appears to be seeking to hold him liable solely because of his position as a supervisor at the prison. A prison warden, however, is not liable under § 1983 for the tortious conduct of his subordinates based upon theories of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, plaintiff must demonstrate either that the supervisory official directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an

unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). Plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541-42 (11th Cir. 1996) (Kravitch, J., concurring). Since plaintiff fails to allege that Upton either directly participated in the alleged constitutional deprivation or that there is some other causal connection between Upton's acts and the alleged deprivation, he is not a proper party to this suit and should be **DISMISSED**. As plaintiff names no other defendants, the complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 3rd day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA